UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNABE ENCARNACION,

                Plaintiff,

    v.

M.D. LESTER WRIGHT, et al.,

                Defendants.

DECISION & ORDER

04-CV-6064CJS

---

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights because they denied him adequate medical care. (Docket # 1). On October 11, 2005, plaintiff moved this Court for the appointment of counsel, claiming that he was unable to afford a private attorney and that he understands only "simple-broken English." (Docket # 18). By Decision and Order dated October 18, 2005, this Court denied plaintiff's motion, finding that the legal issues involved are not complex and that plaintiff had failed to demonstrate a likelihood of success on the merits of the case. (Docket # 19). Shortly thereafter, on December 16, 2005, plaintiff filed a second motion for the appointment of counsel, stating only that he would like the assistance a Spanish-speaking attorney during his scheduled deposition by the defendants. (Docket # 23).

        As this Court has previously stated, there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments must be considered carefully because "every

assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion).

The factors to be considered by a court in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

In this matter, plaintiff alleges that the defendants, by failing to provide him with certain medical care, have subjected him to "deliberated indifference," "cruel and unusual punishment," and the "wanton and unnecessary infliction of pains." (Docket # 1). Through the current motion, plaintiff requests the assignment of counsel to assist him during his deposition by the defendants. (Docket # 23).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated in this Court's previous Order, plaintiff has not demonstrated, as he must, that he is likely to succeed on the merits of the Complaint. *See id.* Moreover, the legal issues in this case do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination. *See id.* Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 23)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. **Counsel for defendants is directed, however, to provide a Spanish-speaking interpreter during the plaintiff's deposition.**

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       January  4 , 2006.